IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 5:10CV144

MATT JENKINS )
)
    Plaintiff, )
)
vs. )  **COMPLAINT**
)  JURY TRIAL DEMANDED
Brachfeld Law Group P.C. )
)
    Defendant )
)

FILED
STATESVILLE, N.C.
SEP 24 2010
U.S. DISTRICT COURT
W. DIST. OF NC

**Plaintiff alleges as follows:**

## INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70, et. seq., and for damages relative to the intentional tort of Intrusion of Seclusion.

## THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in Mooresville, North Carolina

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2)

3. On information and belief, Defendant Brachfeld Law Group P.C. is a business entity located in California.

4. Defendant Brachfeld Law Group P.C. is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

5. Defendant Brachfeld Law Group P.C. engages in the collection of debts on behalf of third parties in this jurisdiction.

## JURISDICTION

6. Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

7. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.

8. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

9. During or about the period beginning September 1, 2009 thru January 31, 2010, the Defendant placed telephone calls to the Plaintiffs telephone, (562) 882-0300, using an automatic telephone dialing system or an artificial or prerecorded voice.

10. The Defendant did not obtain express consent from the Plaintiff prior to placing the subject calls to the Plaintiffs cell phone (562) 882-0300.

11. The Defendant did not place the subject telephone calls to the Plaintiff's telephone for an emergency purpose.

12. The Defendant placed the aforementioned telephone calls to the Plaintiff's telephone knowingly and/or willfully with an autodialer or an artificial or prerecorded voice

13. The Defendant placed the telephone calls to the Plaintiff's cell phone for the purpose of annoying or harassing the Plaintiff

14. During or about September 1, 2009 thru January 31, 2010, the Defendant caused messages to be left on Plaintiff's telephone (562) 882-0300, without first identifying its state registered business name at the beginning of each message.

15. During or about the period beginning September 1, 2009 thru January 31, 2010, in its messages left on the Plaintiff's telephone (562) 882-0300, the Defendant failed to disclose that the communications were from a debt collector.

16. Upon information and belief the Defendant was/is not licensed with the North Carolina Department of Insurance as a collection agency in North Carolina

17. Upon information and belief the Defendant was/is not registered with the North Carolina Secretary of State to conduct business in North Carolina

18. Upon information and belief, neither the Defendant nor their non-attorney customer service representative is licensed to practice law in the state of North Carolina and may not handle legal "claims" on behalf of another person, represent that they have an ability to provide legal services on behalf of another person or assist with settlement discussions on behalf of another person under North Carolina law.

19. On or about September 30, 2009, the Defendant sent a letter to Plaintiff in an attempt to collect an alleged debt. A copy of said letter is attached hereto as Exhibit 1.

20. Said collection letter lists the "Originator" of the account in question as G.E. Capital with an account number ending in 5999. The letter does not list the name of the creditor

to whom the alleged debt was owed on September 30, 2009, as is required by 15 U.S.C. § 1692g(a)(2).

21. Upon information and belief, Defendant was attempting to collect on an account allegedly owed to L.V.N.V., a junk debt buyer.

22. Upon information and belief, Plaintiff has never been issued an account from G.E. Capital with an account number ending in 5999.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

23. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

24. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

25. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

26. The TCPA is a strict liability statute.

27. The Defendant placed not less than 20 calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

28. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

29. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

31. Under 47 C.F.R. § 64.1200(a)(iii), it is unlawful for any person to initiate any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

32. Under 47 C.F.R. § 64.1200(b)(1), if the caller is a business, it is mandatory that all artificial or prerecorded messages shall, at the beginning of the message, state clearly the name under which the entity is registered to conduct business.

33. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of regulations prescribed under 47 U.S.C. § 227(b)(2).

34. The regulations prescribed under 47 U.S.C. § 227(b)(2) include, but are not limited to, 47 C.F.R. § 64.1200, et. seq., (the Regulations).

35. The TCPA is a strict liability statute.

36. The Defendant placed calls during the subject time frame which contained violations of the Regulations.

37. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

38. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

39. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

40. Defendant called Plaintiff's cellular telephone during the subject time frame leaving messages without disclosing that the communication was from a debt collector in violation of North Carolina General Statute § 58-70-110(2)

41. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

42. As a result of Defendants violations of the North Carolina General Statute § 58-70-110(2), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

43. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

44. Neither the Defendant nor their non-attorney customer service representative are licensed to practice law in the state of North Carolina and may not handle legal "claims" on behalf of another person, represent that they have an ability to provide legal services on behalf of another person or assist with settlement discussions on behalf of another person. The Defendant's actions constitute the unauthorized practice of law in North Carolina

45. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

46. As a result of Defendants violations of North Carolina General Statute § 58-70-120 and/or North Carolina General Statute § 58-70-95(8), and /or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

47. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

48. Defendant falsely represented on whose behalf they were acting and/or to whom the alleged debt was owed violating North Carolina General Statute § 58-70-110(1)

49. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

50. As a result of Defendants violations of the North Carolina General Statute § 58-70-110(1) , Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

52. The Defendant 's placing of calls to the Plaintiff's cellular telephone without prior express consent using an autodialer or an artificial or prerecorded voice in violation of 47 USC227 (b)(1)(A)(iii) is an "unfair or unconscionable means" in debt collection in violation of N.C Gen. Stat. §58-70-115.

53. Such acts constitute unfair and deceptive acts and practices in the area of commerce as set forth in N.C. Gen. Stat. § 75-1.1.

54. As a result of Defendants' violations of N.C. Gen. Stat. §58-70-115 , Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to N.C. Gen. Stat. § 58-70-130(b) and reasonable attorney's fees in bringing this action pursuant to N.C. Gen. Stat. §75-16.1

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

55. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

56. The Defendant's attempts to collect an alleged debt owed by the Plaintiff are unlawful business activities until they hold an active collection permit with the North Carolina Department of Insurance and are licensed with the North Carolina Secretary of State to conduct business in North Carolina

57. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

58. As a result of Defendants violations of North Carolina General Statute § 58-70-1, and/or North Carolina General Statute § 58-70-115, and /or North Carolina General Statute § 58-70-95(8), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

60. Defendants communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et seq. by:
   a. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11)
   b. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. §§ 1692d(5)
   c. failing to provide meaningful disclosure of the caller's identity in violation of 15 U.S.C. §§ 1692d(6)
   d. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. §§ 1692f
   e. using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692e
   f. failing to state the name of the current creditor to whom the alleged debt is owed in violation of 15 U.S.C. §§ 1692g(a)2

61. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

## NINTH CAUSE OF ACTION
## INTRUSION OF SECLUSION

62. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

63. Intrusion into seclusion has been recognized in North Carolina and is defined as the intentional intrusion "physically or otherwise, upon the solitude or seclusion of another or

his private affairs or concerns ... [where] the intrusion would be highly offensive to a reasonable person." *Toomer v. Garrett*, 574 S.E.2d 76 (N.C. App., 2002).

64. Persistent telephoning is among those kinds of intrusions that have been recognized under this tort. *Id.*

65. The Defendant intentionally intruded into the solitude or seclusion of the Plaintiff by continually harassing the Plaintiff with telephone calls several times per day and at all hours of the day and night.

66. The calls placed by the Defendant were so persistent, and repeated with such frequency, as to constitute "hounding the Plaintiff" and a "substantial burden to his existence" under the *Restatement of Torts, Second §652(b)*, and as such, would be considered highly offensive by a reasonable person.

67. As a result of the Defendant's intrusions upon the Plaintiff, the Plaintiff is entitled to compensatory damages in an amount to be determined at trial from Defendant.

68. The acts of the Defendant were committed with fraud, malice or were willful and wanton misconduct and as such, Plaintiff is entitled to punitive damages under N.C. Gen. Stat. §1D-15 in an amount to be determined at trial from Defendant.

## TENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

69. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

70. Defendants communications violated the (F.D.C.P.A.) 15 U.S.C. §§ 1692 et seq. by:
    a. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11)
    b. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. §§ 1692d(5)
    c. failing to provide meaningful disclosure of the caller's identity in violation of 15 U.S.C. §§ 1692d(6)
    d. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. §§ 1692f
    e. using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. §§ 1692e
    f. failing to state the name of the current creditor to whom the alleged debt is owed in violation of 15 U.S.C. §§ 1692g(a)2

71. Defendants violations of 15 U.S.C. §§ 1692 et seq.(FDCPA) constitute acts of " unconscionable or unfair means" in an attempt to collect a debt or alleged debt in violation of North Carolina General Statute § 58-70-115

72. As a result of Defendants violations of the North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For $1500.00 per violation of the TCPA;

2. For $1000.00 for violation of the FDCPA;

3. For an Order enjoining Defendant from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

4. For an award of statutory damages of $ 4000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a), and;

6. award such other and further relief as the Court deems just and proper under the circumstances

DATED: 9/24/10

Matt Jenkins
116 Milbros Lane
Mooresville, N.C. 28117
shephard68@yahoo.com
562 882 0300